IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHKRS, LLC,**

      **Plaintiff,**

  v.                                      Civil Action 2:18-cv-1366
                                           Magistrate Judge Kimberly A. Jolson

**THE CITY OF DUBLIN, OHIO, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the parties' Motions to Supplement the Record. (Docs. 58, 59). For the reasons that follow, Plaintiff's Motion (Doc. 58) is **GRANTED in part and DENIED in part**, while Defendants' Motion (Doc. 59) is **GRANTED**.

**I.    BACKGROUND**

This case concerns Defendants' alleged seizure and removal of a portion of Plaintiff's driveway (the "Driveway") in July and November of 2016. (*See generally* Doc. 38). On April 20, 2020, Plaintiff appealed this Court's grant of Defendants' Motion for Judgment on the Pleadings to the Sixth Circuit. (Doc. 51). The Sixth Circuit affirmed this Court's decision on Plaintiff's due-process claims, but reversed its decision on Plaintiff's takings claim and remanded for further proceedings. (Doc. 53).

Following the Sixth Circuit's decision, this Court held a telephonic conference with the parties on February 2, 2021. (*See* Doc. 54). Shortly thereafter, the Court ordered the parties "to move to supplement the record with any documents relating specifically to the question of Plaintiff's alleged property interest." (Doc. 56). On March 4, 2021, the parties filed their respective Motions to Supplement the Record (Docs. 58, 59), and the Court ordered expedited

briefing. (Doc. 60). The parties timely filed their opposition (Docs. 62, 63) and while Plaintiff filed a reply brief (Doc. 64), Defendants did not. Accordingly, as the time for any such reply has expired, this matter is now ripe for review.

## II. DISCUSSION

In their respective Motions, the parties each request to supplement the record with a number of documents they allege are relevant to the Court's disposition on remand. (*See generally* Docs. 58, 59). However, as will be discussed, not all of the parties' requested supplements are sufficiently related to the relevant question at issue—whether or not Plaintiff had a property interest at the time of the alleged taking. Before delving into the parties' Motions, however, the Court finds it prudent to establish the nature of this Order.

At base, while the Court is allowing the parties to supplement the record here, it is not making any definitive determinations about the ultimate relevance or admissibility of any of these supplemental documents. To the extent the parties plan to make any such arguments, they are directed to do so in their briefing on Defendants' forthcoming summary judgment motion. (*See* Doc. 61). At issue here, is simply whether the parties' proposed supplements are sufficiently relevant to the question of Plaintiff's alleged property interest at the time of the alleged taking.

### A. Plaintiff's Supplements

Plaintiff seeks to supplement the record with the following: copies of two email exchanges between Robert Smith, Managing Member of CHKRS, and employees of Defendant City of Dublin; two photos showing the portion of the Driveway that was allegedly removed; a notice that the stone wall which stood on the driveway is a recognized historic site; and a copy of a commitment for title insurance. (Doc. 58 at 3–4). Defendants object to the inclusion of each,

arguing that "[n]one of these documents relate[] to the issue of CHKRS's alleged property interest during the time of the alleged taking." (Doc. 62 at 1).

At the outset, the Court agrees with Plaintiff that the email communications between Mr. Smith and City of Dublin employees sufficiently "relate to [Plaintiff's] property interest in 6310 Riverside Drive, Dublin, Ohio." (Doc. 64 at 1). Conversely, however, the Court finds that the photographs, the notice concerning the historical status of the stone wall, and the commitment for title insurance are not so relevant. While these documents may help in defining an existing property interest, they do not aid in determining whether or not Plaintiff *actually had* any property interest at the time of the alleged taking (emphasis added). Accordingly, Plaintiff's Motion to Supplement the Record (Doc. 58) is **GRANTED in part and DENIED in part**. Plaintiff is **DIRECTED** to file individual copies of the two email exchanges on the public docket within **seven (7) days** of this Opinion and Order. To be clear, these excluded exhibits may have relevance down the line but not on this threshold issue.

### B. Defendants' Supplements

Defendants seek to supplement the record with the general warranty deed for the property at issue (Doc. 59-1) as well as copies of three email correspondences—two between Plaintiff's counsel and closing agent (Docs. 59-2, 59-4) and another between Mr. Smith, Plaintiff's counsel and closing agent (Doc. 59-3). (*See* Doc. 59 at 1–2). Defendants argue that each "relate[s] specifically to the question of Plaintiff's lack of a property interest for purposes of its takings claim." (*Id*. at 1). The Court agrees.

At the outset, the Court notes that Plaintiff does not oppose supplementing the record with the general warranty deed, which is public and already in the record, and the second email correspondence between Plaintiff's counsel and closing agent (Doc. 59-4). (*See* Doc. 63).

Regardless, however, the Court finds these documents sufficiently relate to the question of whether or not Plaintiff had a property interest at the time of the alleged taking.  Rather than describing the quality or parameters of an *existing* property interest, these documents specifically go toward establishing the *existence of an alleged property interest* at the time of the alleged taking (emphasis added).  (*See* Doc. 59).  Accordingly, Defendants' Motion to Supplement the Record (Doc. 59) is **GRANTED**.  The Clerk is **DIRECTED** to docket Docs. 59-1, 59-2, 59-3, and 59-4 as Defendants' Supplements.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 58) is **GRANTED in part and DENIED in part**, while Defendants Motion (Doc. 59) is **GRANTED**.  Plaintiff is **DIRECTED** to file copies of the two email exchanges on the public docket within **seven (7) days** of this Opinion and Order.  Furthermore, the Clerk is **DIRECTED** to docket Docs. 59-1, 59-2, 59-3, and 59-4 as Defendants' Supplements.

IT IS SO ORDERED.

Date:  March 18, 2021                                   /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE